UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-61646-AUGUSTIN-BIRCH

NEW CASTLE APARTMENTS LLC,

    Plaintiff,

v.

TAMEKA LINGO,

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO REMAND CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This cause comes before the Court on Defendant Tameka Lingo's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. DE 5; DE 6. Before it proceeds to determine whether Defendant should be granted a temporary restraining order or preliminary injunction, the Court must determine whether it has subject matter jurisdiction over this case. Without subject matter jurisdiction, "the court is powerless to continue" and "cannot proceed at all in any cause." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quotation marks omitted). "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.*

Defendant removed this case from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. DE 1. A defendant may remove to district court a state civil action over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). The removing defendant bears the burden of proving that subject matter jurisdiction exists. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir.

2002). Because Defendant has not shown that subject matter jurisdiction exists, the Court recommends that this case be **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

Defendant purports to have removed this case under four statutory provisions. DE 1 at 2; DE 3 at 2. First, she purports to have removed under federal question jurisdiction. DE 1 at 2; DE 3 at 2. A district court has federal question jurisdiction over a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (alteration and quotation marks omitted). Federal question jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim. *Id.*

The state court complaint raises a claim for eviction. DE 1-2 at 2–4. The complaint does not plead a cause of action arising under federal law. Defendant indicates that she either has raised or wishes to raise defenses that are based on federal law, such as defenses based on due process, equal protection, the Supremacy Clause, the Americans with Disabilities Act, the Lanham Act, and federal housing laws. *See* DE 1 at 3–4; DE 3 at 2; DE 8; DE 9. But such defenses do not establish federal question jurisdiction. *See Vaden*, 556 U.S. at 60. Defendant has not shown that this Court has federal question jurisdiction.

Second, Defendant purports to have removed under admiralty or maritime jurisdiction. DE 1 at 2; DE 3 at 3. A district court has original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). This case is an eviction action, not an admiralty or maritime action. Defendant has not shown that this Court has admiralty or maritime jurisdiction.

Third, Defendant purports to have removed under 28 U.S.C. § 1343. DE 1 at 2; DE 3 at 2. District courts have original jurisdiction over certain cases that involve laws providing for equal civil

rights. 28 U.S.C. § 1443(a)(3). But to remove a case under § 1443, a defendant must show that the right upon which she relies "arises under a federal law providing for specific civil rights stated in terms of racial equality." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quotation marks omitted) (explaining that, to remove under § 1443, the defendant must rely on more than rights of general application available to everyone such as the right to a fair trial or to equal protection of the laws). Defendant does not point to any law providing for civil rights stated in terms of racial equality. She has not shown that this Court has jurisdiction under 28 U.S.C. § 1443.

Fourth and finally, Defendant purports to have removed under the All Writs Act. DE 1 at 2–3; DE 3 at 2. Under the All Writs Act, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "[T]he All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction." *United States v. Denedo*, 556 U.S. 904, 913 (2009). "Because the All Writs Act does not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal pursuant to § 1441." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Defendant cannot use the All Writs Act as the basis to establish subject matter jurisdiction.

Defendant does not contend that she removed under diversity jurisdiction. *See* DE 1; DE 3; *see also* 28 U.S.C. § 1332(a) (providing for subject matter jurisdiction in a case between citizens of different states where the amount in controversy exceeds $75,000); *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." (quotation marks omitted)). Nevertheless, for completeness, the Court has considered diversity jurisdiction as well. Defendant has not shown that she is diverse from Plaintiff New Castle Apartments LLC. She has not demonstrated Plaintiff's citizenship by listing the citizenship of each of its members. *See Rolling Greens MHP, L.P. v.*

*Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenship of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all partners of the limited partnership."). Thus, Defendant has not shown that this Court has diversity jurisdiction.

Because this Court lacks subject matter jurisdiction, the Court recommends that this case be **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court further recommends that all pending motions be **DENIED AS MOOT**.

**The Clerk of Court is directed to mail a copy of this Order to Defendant Tameka Lingo at the address listed below and to make a notation of such on the docket.**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. *See* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 20th day of August, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:
Tameka Lingo
3400 NW 30th Street, Apt. 2
Lauderdale Lakes, FL 33311